# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JBW PROPERTIES, LLC, a Nebraska limited liability company; JOHN B. WIESE, an Individual, </br></br>   Plaintiffs, </br></br> v. </br></br> BLACK DOG EXPLORATION & DEVELOPMENT, LLC, an Oklahoma limited liability company; FLOYD KEEFER, an Individual; JEFFREY D. BLACK, an Individual; GLEN KENNEDY, an Individual, </br></br>   Defendants. | Case No. CIV-20-177-SPS |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendant Jeffrey D. Black for dismissal of the Plaintiff's fraud claim against him for failure to state a claim. For the reasons set forth below, the Court finds that the Defendant's Motion to Dismiss [Docket No. 13] should be hereby GRANTED.

## BACKGROUND

This case arises out of a dispute among the parties regarding investments related to leases for development of hydrocarbons in Okmulgee County, Oklahoma. The Plaintiffs allege in their Complaint that "Defendants and their agents" made representations that Defendants Keefer and Black Dog Exploration and Development, LLC ("BDE") would be developing hydrocarbons from Black Dog properties and as part of a lease in Okmulgee

County, Oklahoma called the Hessom Lease, and that this would be lucrative. *See* Docket No. 2, pp. 3-4, ¶ 11-14. Specifically as to Defendant Black, the Plaintiffs allege that he prepared a "communication" in which he "represented" that wells near the Hessom Lease were "producing in excess of 1,000 barrels of oil per day and one million MCF of gas," and that royalty owners were purchasing homes, vehicles, and more with their royalty checks from those wells. *Id.*, p. 4, ¶ 15. Defendant Kennedy confirmed Defendant Black's assertions, and the Complaint indicates that Defendant Kennedy made additional representations regarding the "potential productivity of the Hessom Lease," and that Defendant Kennedy relied on another, undescribed letter from Defendant Black in making these representations. *Id.*, p. 4, ¶¶ 17-18. The Plaintiffs further allege that "Defendants and their agents" indicated that due diligence for these properties had been completed, and that they expected the "efforts to be greatly economical" and profitable. *Id.*, p. 5, ¶¶ 21-22. The Plaintiffs thus assert that they relied on Defendants' representations, which caused them to enter into verbal and written agreements and pay over $600,000.00 pursuant to the terms of two of these agreements. *Id.* pp. 5-6, ¶¶ 23-26. Plaintiffs allege that they discovered that the terms of the agreements had not been met, and material information had been withheld. *Id.*, pp. 6-7, ¶¶ 27-32.

The Plaintiff's Complaint sets out the following enumerated causes of action: (I) actual and constructive fraud as to all Defendants; (II) breach of duties as to Defendant BDE; (III) rescission of the Wiese Agreement as to Defendants BDE and Keefer; (IV) rescission of the JBW Agreement as to Defendants BDE and Keefer; (V) breach of contract of the Wiese agreement as to Defendants BDE and Keefer; and (VI) breach of

contract of the JBW Agreement as to Defendants BDE and Keefer, as well as an enumerated claim for (VII) unjust enrichment.  *See* Docket No. 2.  Defendant Black has moved to dismiss the fraud claim, Count I, against him.  The Court finds that the Motion to Dismiss should be GRANTED, and that the Plaintiffs should be give fourteen days to file an Amended Complaint.

## Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted].  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the

elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Under Fed. R. Civ. P. 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." And in the Tenth Circuit, a Complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), *quoting Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991). The purpose of this requirement is to provide the Defendants with "fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Id.* at 1236-1237 (citations omitted). Defendant Black contends that the Plaintiffs have made unsubstantiated, conclusory allegations against him, pointing out that most of the Plaintiffs' communication was with Defendant Kennedy.

In addition to the background facts above, the Plaintiffs have alleged, *inter alia*, that "Defendants and their agents" made "material misrepresentations" to them and likewise "withheld material information" despite having a "duty to divulge *all* material facts." Docket No. 2, p. 7, ¶¶ 34-35 (emphasis in original). Furthermore, Plaintiffs contend that

-4-

because Defendant Black was an authorized representative of Defendants Keefer and BDE (as was Defendant Kennedy), all Defendants "effectively" made material misrepresentations and withheld material information.  *Id.*, p. 8, ¶ 36.  Plaintiffs further contend that "[a]ll Defendants intended" for them to rely on the material misrepresentations, that they did in fact rely on them, and that "each Defendant" engaged in "willful, malicious, and deliberate misconduct."  *Id.*, p. 8, ¶ 37-38.

The Defendants correctly point out that Defendant Black's motion to dismiss is somewhat cursory, and that he attempts to assert a number of facts outside the pleadings which is impermissible at the dismissal stage.  But here the only specific allegation in Plaintiffs' Complaint as to Defendant Black is that he prepared a communication describing the production levels and royalty checks of surrounding leases.  Although Complaint appears to allege a number of fraudulent actions, it therefore does not sufficiently "set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof," *Lawrence National Bank*, 924 F.2d at 180, so as to withstand dismissal as to Defendant Black.  *See also Koch*, 203 F.3d at 1237 ("Finally, paragraph twenty-two failed to identify any specific Defendant who make these alleged fraudulent misrepresentations or omissions, a particularly important requirement in this case because of the number of individual defendants involved.").

Having reviewed the Plaintiffs' claims as to *this Defendant*, the Court finds that Plaintiff's claim of fraud is not set forth in sufficient detail to satisfy the claims alleged.  The Plaintiffs have not alleged fraud with sufficient specificity, as required by the rules

and Tenth Circuit case law. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). *See also Koch*, 203 F.3d at 1236 (In the Tenth Circuit, a Complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."), *quoting Lawrence National Bank*, 924 F.2d at 180. Plaintiffs' Count I as to Defendant Black should therefore be dismissed without prejudice, and Plaintiffs are given fourteen days to file an Amended Complaint.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendant's Motion to Dismiss [Docket No. 13] is hereby GRANTED, and that the Plaintiffs may file an Amended Complaint within fourteen days.

**DATED** this 25th day of August, 2020.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**